UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

DEL VALLE BRANDS, INC, a Florida
corporation,

   Plaintiff,

vs.

PINNACLE FOODS GROUP LLC, f/k/a
PINNACLE FOODS GROUP INC., a
Delaware limited liability company, and
PINNACLE FOODS FINANCE LLC, a
Delaware limited liability company,

   Defendant.

Case No.

**DEFENDANTS' PINNACLE FOODS GROUP LLC'S AND
PINNACLE FOODS FINANCE LLC'S NOTICE OF REMOVAL**

  Defendants, PINNACLE FOODS GROUP LLC, f/k/a PINNACLE FOODS GROUP INC. and PINNACLE FOODS FINANCE LLC, (collectively, "Defendants"), by their attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby file this Notice of Removal from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Circuit Court") to the U.S. District Court for the Southern District of Florida. The grounds for removal are as follows:

  1. On September 4, 2014, Plaintiff, Del Valle Brands, LLC ("Del Valle"), commenced this action by filing its Complaint for Emergency Injunctive Relief (the "Complaint") in the Circuit Court. The matter was assigned Case No. 2014-22917-CA-01 and is captioned *Del Valle Brands, Inc. v. Pinnacle Foods Group LLC, f/k/a Pinnacle Foods Group Inc., and Pinnacle Foods Finance LLC*.

4847-9942-4542.1

2. The Complaint alleges that Defendants should be temporarily enjoined for their alleged Breach of Confidential Provision of the Trademark Agreement (Count I); alleged Misappropriation of Trade Secrets (Count II); alleged Tortitous Interference with Business Relationships (Count III); and alleged Tortious Interference with Prospective Business Relationships (County IV).

**Diversity Jurisdiction Under 28 U.S.C. § 1332(A)(1) and (C)**

a. **Diversity of Citizenship Exits**

3. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Upon information and belief, Plaintiff is, and was at the commencement of this action, a corporation incorporated under the laws of Florida and of no other state, with its principal place of business in Miami-Dade County, Florida, and is a citizen of the State of Florida. (See Complaint, ¶ 4).

5. Diversity of citizenship exists since Defendants are, and were at the commencement of this action, citizens of the states of Delaware and New Jersey. *See*, Declaration of Anthony LoBue filed in support hereof as Exhibit "A."

6. Specifically, Pinnacle Foods Group LLC is, and was at the commencement of this action, a Delaware limited liability company with its headquarters in Parsippany New, Jersey, and is and was a citizen of the states of Delaware and New Jersey and of no other states. Pinnacle Finance LLC is, and was at the commencement of this action, a

Delaware limited liability company with its headquarters in Parsippany New, Jersey, and is and was a citizen of the states of Delaware and New Jersey and of no other states.

7. In addition, since limited liability companies are also citizens of every state of which any member is a citizen, the citizenship of the members of each Defendant are as follows:

8. Pinnacle Foods Group LLC's sole member is Pinnacle Foods Finance LLC, who is, and was at the commencement of this action, a Delaware limited liability company with its headquarters and principal place of business is in Parsippany New, Jersey, and is and was a citizen of the states of Delaware and New Jersey and of no other states.

9. Pinnacle Foods Finance LLC 's sole member is Peak Finance Holdings LLC who is, and was at the commencement of this action, a Delaware limited liability company with its headquarters and principal place of business is in Parsippany New, Jersey, and is and was a citizen of the states of Delaware and New Jersey and of no other states.

10. Peak Finance Holdings LLC's sole member is Pinnacle Foods Inc., who is, and was at the commencement of this action, a Delaware corporation with its headquarters and principal place of business is in Parsippany New, Jersey, and is and was a citizen of the states of Delaware and New Jersey and of no other states.

11. Accordingly, diversity of citizenship exists for purposes of removal under 28 §1332(a)(1) and (c) because Plaintiff and Defendants are citizens of different states.

**b. The Amount in Controversy Exceeds $75,000**

12. As to the amount in controversy requirement, "[w]hen a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective.'" *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1077

(11th Cir. 2000).  Said differently, "when equitable and injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation and the value of that right is measured by the losses that will follow." *Id*. at *2. *See Berry v. Chase Home Fin., LLC*, Civil Action No. C-090-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (denying plaintiff's motion to remand).

13. While Plaintiff does not specifically quantify the value of the relief it requests, and only lists the amount in controversy as exceeding the $15,000 jurisdictional threshold for a State of Florida circuit court action, it is facially apparent from the Complaint that the jurisdictional threshold of $75,000, exclusive of interest and costs, is exceeded here.[1]

14. In the Complaint, Plaintiff alleges that Pinnacle and Del Valle are parties to various written agreements, including a Distributor Agreement ("Distribution Agreement") dated effective as of August 5, 2005, and a 2012 Trademark License Agreement ("Trademark Agreement (Complaint, ¶ 10, Exhibits A and B). Plaintiff further alleges that "the Distribution Agreement and the Trademark Agreement are inter-dependent because Del Valle cannot as a practical matter utilize and benefit from the Trademark Agreement absent the right to distribute Pinnacle's retail food products." (Complaint, ¶ 15).

15. With respect to Plaintiff's financial commitments associated with the agreements, Plaintiff alleges that "[t]he Trademark Agreement required certain Royalty Payments be made by Del Valle to Pinnacle during the term of the agreement to which Del Valle made a $75,000 royalty payment on or before June 30, 2014. (Complaint, ¶ 11).  Plaintiff also alleges that "[b]ased on a two decade-long relationship, Del Valle invested at least $4 million

---

[1]   Although Defendants disputes that Plaintiff is entitled to injunctive relief and further denies that Plaintiff states any claim against them, Defendants expressly incorporate the allegations contained in the Complaint for the purpose of demonstrating the propriety of removal. Defendants file this Notice of Removal subject to and with a full reservation of rights.

into the Mexican operation, including inventory, warehouse space, operational expenses and the design and manufacture of cookware products branded with the Duncan Hines name that are sold side by side with the Food Products. (Complaint, ¶ 16).

16. Plaintiff also alleges that on "August 25, 2014, defendant Pinnacle Foods, Inc. wrote to Del Valle to state that the alleged Agreement between Del Valle Foods and Pinnacle Foods Group, LLC dated August 1, 2015 would be terminated effective October 31, 2014." (Complaint, ¶ 23).

17. Moreover, in Plaintiff's prayer for relief, Plaintiff "respectfully requests that this Court enter (a) a temporary injunction enjoining Defendants, Pinnacle Foods Group LLC f/k/a Pinnacle Foods Group, Inc. and Pinnacle Finance LLC, …to maintain the status quo ante with respect to the sale and/or distribution of product and further preventing the terminating or unilateral altering of the distribution arrangement and Trademark licensing [sic] Agreement between Del Valle and defendants…".

18. Termination of the Distribution Agreement would inevitably result in Plaintiff's loss of that investment and, according to Plaintiff's characterization of that agreement's relationship with the Trademark Agreement, the loss of the value of Plaintiff's investment in the performance of that agreement, including its recent $75,000 royalty payment. Thus, from Plaintiff's perspective, the value of the right to be protected, namely, the right to sell Defendant's products pursuant to the agreements exceeds $75,000.

19. Thus, the above-entitled action is a civil action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332, and which therefore may be removed to this Court pursuant to 28 U.S.C. § 1441, in that the action is between citizens of

different states, and the matter in controversy, exclusive of interests and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000).

### All Procedural Requirements for Removal Have Been Satisfied

20. Defendants first received a copy of the Complaint by email on September 5, 2014.

21. On September 4, 2014, the clerk issued a Summons on the Defendants, but to date, Plaintiff has not yet effected service of process on the Defendants. Nonetheless, Defendants appeared of record in the action upon the filing of their counsel's Notice of Appearance. Defendants filed their Notice of Appearance in the state court action on September 8, 2014. Accordingly, removal is timely under 28 U.S.C. § 1446(b) as this Notice of Removal is being filed within 30 days after the filing of the Complaint.

22. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the Miami-Dade Circuit Court where this action commenced is located within the U.S. District Court for the Southern District of Florida.

23. Pursuant to 28 U.S.C. Pursuant to 28 U.S.C. § 1446(a), the following documents are filed herewith as Composite Exhibit "B": Civil Cover Sheet; Complaint for Emergency Injunctive Relief; Emergency Motion for Temporary Injunction; Affidavit of Sandra Landman in Support of Del Valle Brands, Inc.'s Emergency Motion for Temporary Injunction; Plaintiff's Notice of Compliance with Rule 2.516 and Designation of E-Mail Addresses; Defendants' Notice of Appearance; Defendants' Notice of Designation of Email Service Addresses; Order Setting Hearing on Emergency Motion for Temporary Injunction with Notice; Exhibit List; Defendants' Notice of Filing Affidavits in Support of Response in Opposition to Plaintiffs' Emergency Motion for Temporary Injunction Affidavit of Anthony LoBue;

Defendants' Response in Opposition to Plaintiff's Emergency Motion for Temporary Injunction; Plaintiff's Notice of Taking Deposition of Pinnacle Foods Group LLC and Pinnacle Foods Finance LLC; Plaintiff's Amended Notice of Taking Deposition of Pinnacle Foods Group LLC and Pinnacle Foods Finance LLC.[2] There has been no other process, pleadings or orders served upon Defendants.

24. Defendants reserve the right to submit additional information to demonstrate the propriety of removal in this case, including affidavits and discovery responses, should Plaintiff move to remand the case to state court, or as may otherwise become necessary in the future. *See Sierminski v. TransSouth Financial Corp.,* 216 F.3d 945, 947-949 (11th Cir. 2000) (holding that, in deciding whether to remand, the district court may consider information relevant to the amount in controversy that is submitted *after* the notice of removal is filed).

25. Pursuant to 28 U.S.C. § 1446(b), Defendants are serving written notice on Plaintiff of the filing of this Notice of Removal, and will serve and file a true and correct copy of this Notice of Removal with the Clerk of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

26. Based on the foregoing Defendants have met their burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and that this action is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

[2] The Summons issued to Pinnacle Foods Group LLC and Pinnacle Foods Finance LLC are missing from the Clerk of Court's file and unavailable at the time of the filing of this notice. Defendants will file the summons upon their receipt.

27. Defendants have not sought any affirmative relief in this action or taken any action that could be construed as a waiver of their right of removal.

28. By removing the above-captioned case to this Court, Defendants do not waive any of their available defenses.

29. Pursuant to 28 U.S.C. § 1446(d), Defendants are serving this Notice of Removal upon Plaintiff, and are filing a true and correct copy of the Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

30. This Notice has been signed by the undersigned pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. §1446(a).

**WHEREFORE**, Defendants respectfully requests that this action be removed to this Court and that this Court accept jurisdiction of this action.

Dated:  September 10, 2014                Respectfully submitted,

*S:/Mary Leslie Smith*
Mary Leslie Smith (FBN 774243)
mlsmith@foley.com
Angelica L. Boutwell (FBN 105069)
aboutwell@foley.com
Foley & Lardner LLP
One Biscayne Tower, Suite 1900
Two South Biscayne Boulevard
Miami, FL 33131
Tel. 305.482-8400
Fax. 305.482.8600

***Counsel for Defendants***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Notice of Removal was filed with the CM-ECF this 10th day of September, 2014 and served by electronic mail to: Michael N. Kreitzer, Esq. and Sacha A. Boegem, Esq., Bilzin Sumberg Baena Price & Axelrod LLP, 1450 Brickell Avenue, Suite 2300, Miami, Florida  2300, Miami, Florida 33131.

*s/Mary Leslie Smith*
Mary Leslie Smith